***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties. The Full Commission affirms with modifications the Decision and Order of Deputy Commissioner Harris and enters the following Opinion and Award: *Page 2 
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All parties are properly before the court, and the court has jurisdiction of the parties and the subject matter.
2. James A. Cook was housed at Pasquotank Correctional Institution in Dorm 2-C on October 27, 2004.
3. On October 27, 2004, James A. Cook was attacked and stabbed by inmates Michael Rankins and Randolph Horton.
4. Neither Michael Rankins or Randolph Horton was housed in Dorm 2-C.
5. It is a violation of disciplinary rules for inmates to enter dorm housing areas where they are not housed.
6. Correctional Officer Danny James saw Inmates Horton and Rankins attempting to enter dorm 2-C and told them to return to their Unit. However, Officer James turned his attention to other inmates returning from the yard and Inmates Rankins and Horton returned and entered Dorm 2-C.
7. James A. Cook suffered a three centimeter wound to his face, a 2 centimeter wound to his left anterior shoulder, a 1 centimeter wound to his left upper arm, and a 1 centimeter wound to his left posterior shoulder; all requiring stitches to close. Mr. Cook also received wounds to his posterior neck and right anterior testicle. *Page 3 
8. On October 27, 2004, Officer Danny James was an employee of the North Carolina Department of Correction, and all actions taken by him pertinent to this action were in the course of said employment.
9. The parties stipulated into evidence as Stipulated Exhibit No. 1, Pre-Trial Agreement, and to include the following:
 A: Incident Report
 B: Witness Statements
 C: Disciplinary Report
 D: Photograph of Weapon Used in Assault of Plaintiff
 E: Selected Portions of Plaintiff's Prison Medical Records
 F: Photographs of Pasquotank Correctional Institution
 G: Disciplinary Record Print-outs for Inmates Michael Rankins and Randolph Horton
 ***********
As set forth in Deputy Commissioner Harris' February 11, 2011 Opinion and Award, the Full Commission addresses the following:
 ISSUE
1. To what amount of damages, if any, is Plaintiff entitled in this claim?
 *********** Based upon the preponderance of the evidence from the entirerecord and reasonable inferences flowing therefrom, the FullCommission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner Plaintiff was 58 years old, with a date of birth of May 3, 1952. *Page 4 
2. On October 27, 2004, Plaintiff was injured in an attack by two inmates wielding a prison "shank."
3. In the attack, Plaintiff sustained a stab wound to his right temple that Defendant's personnel described as "gaping." He also sustained what Defendant's personnel described as "superficial" wounds to his posterior neck, anterior and posterior left shoulder, upper left arm, and anterior right testicle.
4. Immediately after the attack, Plaintiff received first aid at the prison. He was then taken to the emergency room at Albemarle Hospital for further treatment.
5. The wound on Plaintiff's right temple was about three centimeters long and was closed with sutures. The wounds on his left anterior and posterior shoulder were about two centimeters and one centimeter long, respectively, and were also closed with sutures. The wound on his upper left arm was about one centimeter long and was also closed with sutures. The wounds on his posterior neck and anterior right testicle were not sutured. Emergency room personnel described the scrotal laceration as "superficial."
6. Plaintiff was given Percocet for pain and Keflex to prevent infection.
7. The day after the attack, Plaintiff also complained that his left hand had been swollen since the attack. An X-ray showed a non-displaced fracture of the fourth metacarpal. By November 5, 2004, Plaintiff was documented as having full range of motion in his left hand and fingers with minimal edema and tenderness. Plaintiff did not testify to any alleged long-term effects in his left hand.
8. Plaintiff suffered some temporary side effects from the Keflex, such as headaches, diarrhea, and itching. *Page 5 
9. On November 15, 2004, the sutures were removed. Plaintiff's wounds healed uneventfully.
10. On December 22, 2004, Plaintiff complained of discomfort in his right temple over the site of the wound. He also complained of intermittent decreased visual acuity in his right eye. There is no evidence of record to causally relate any vision symptoms to the attack.
11. Later in December 2004 and January 2005, Plaintiff complained of uncontrollable shaking in his left hand. There is no evidence of record to establish that this alleged symptom was causally related to the attack.
12. During the attack, Plaintiff felt that he was literally fighting for his life and was terrorized. In the aftermath, he suffered through a few days of serious pain, and he continued to have burning pain in his groin for about two weeks. Upon returning to the prison from the emergency room, he was put in disciplinary segregation and had to spend the night in the cold with no sheets or blankets.
13. Plaintiff testified that, as of the hearing before the Deputy Commissioner, he remained on 600 mg Ibuprofen tablets for headaches. However, there in no evidence of record to causally relate Plaintiff's alleged continuing headaches to the attack.
14. Plaintiff also testified that he has had problems obtaining an erection since the attack, a problem that he testified he did not have before the attack. However, there is no evidence of record to causally relate this alleged condition to the attack.
15. Plaintiff testified that he often wakes up in the night sweating and fearful. He has flashbacks to the attack and now fears being in enclosed spaces. He keeps the door to his cell unlocked, to the extent he can, so that he can feel like he can get out if need be. *Page 6 
16. As a result of the wounds he sustained in the attack, Plaintiff has visible scars on his right temple, left arm, front and back of his left shoulder, and the back of his neck.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Conclusions of Law set out in the Full Commission's April 22, 2010 Decision and Order are incorporated herein by reference as if set out in full.
2. Plaintiff sustained damages as a direct and proximate result of the negligence of Defendant's officers, to wit: the terror of being attacked and stabbed by two fellow inmates, pain and suffering, scarring, and nightmares. N.C. Gen. Stat. § 143-291.
3. A sum of $10,000.00 is a reasonable amount to compensate Plaintiff for his damages. As such, Plaintiff is entitled to receive the sum of $10,000.00 from Defendant as monetary damages in this claim. Id.
4. Defendant shall also reimburse Plaintiff for his costs in prosecuting this action. N.C. Gen. Stat. § 143-291.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 ORDER
1. Plaintiff SHALL HAVE AND RECOVER from Defendant, the sum of TEN THOUSAND AND 00/100 DOLLARS ($10,000.00), paid through his counsel, as monetary damages. *Page 7 
2. Defendant SHALL pay Plaintiff's costs.
This the 14th day of September, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ LINDA CHEATHAM COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1